11th Court of Appeals
Eastland, Texas
Opinion
 
Jose C. Lopez
            Appellant
Vs.                  No. 11-03-00250-CR -- Appeal from Harris County
State of Texas
            Appellee
 
            The jury convicted Jose C. Lopez of the offense of aggravated sexual assault of a child and
assessed his punishment at confinement for 99 years. We affirm. 
            Appellant presents five issues for appellate review. In the first issue, he contends that the
admission of the forensic report violated his Sixth Amendment rights to confrontation and cross-examination. In the second and third issues, appellant challenges the legal and factual sufficiency
of the evidence to sustain his conviction for aggravated sexual assault. In the fourth issue, appellant
challenges the factual sufficiency of the evidence to sustain a conviction for the lesser included
offense of sexual assault. In the fifth issue, appellant asserts that he received ineffective assistance
of counsel because trial counsel failed to object to the admission of the forensic report. 
            In his first issue, appellant complains that his Sixth Amendment rights were violated by the
admission of a forensic report. The record shows, however, that appellant did not object to the
introduction into evidence of State’s Exhibit No. 1, the victim’s medical records from Memorial
Hermann Hospital. Included within that exhibit is a Sexual Assault Examination Forensic Report
Form that contains a statement made by the victim to the examining nurse. Even constitutional
errors may be waived by the failure to object at trial. Broxton v. State, 909 S.W.2d 912, 918
(Tex.Cr.App.1995). Because appellant did not object or otherwise bring the Sixth Amendment issue
to the attention of the trial court, appellant did not preserve that issue for review. TEX.R.APP.P.
33.1; Paredes v. State, 129 S.W.3d 530, 535 (Tex.Cr.App.2004). Appellant’s first issue is overruled. 
            In his second and third issues, appellant contends that the evidence is legally and factually
insufficient to show that appellant penetrated the victim’s sexual organ with his finger when the
victim was under the age of 14. In order to determine if the evidence is legally sufficient, we must
review all of the evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). In
order to determine if the evidence is factually sufficient, we must review all of the evidence in a
neutral light and determine whether the evidence supporting guilt is so weak that the verdict is
clearly wrong and manifestly unjust or whether the evidence contrary to the verdict is so strong that
the beyond-a-reasonable-doubt burden of proof could not have been met. Zuniga v. State, 144
S.W.3d 477 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v.
State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997);
Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
            The record shows that the victim is appellant’s biological daughter. In a delayed outcry, the
victim reported that appellant began sexually abusing her when she was about 8 years old. At trial,
the victim testified that appellant started sexually abusing her when she was 8 years old and that he
continued doing so until the victim moved into a shelter at age 19. The victim testified that, when
the abuse started, appellant “would just start touching a breast, touching my vagina, rubbing of his
hand.” According to the victim, appellant “would put his finger and start rubbing it around. He
would rub it and I would squirm. I would move around. Sometimes it hurt.” Appellant also made
the victim rub his penis with her hand. Additionally, the victim testified that appellant had made her
“suck on [his penis] until [she] had white stuff in [her] mouth.” The victim testified that appellant
began having anal intercourse with her when she was 14 or 15 years old and that appellant had
attempted to have vaginal intercourse with her. 
            Appellant denied ever touching his daughter in a “sexually improper” way. In support of his
argument on appeal, appellant relies on the victim’s answer that she was “13, 14” and that she was
not sure when asked how old she was “when that started.” Although the prosecutor had resumed the
topic of digital penetration when she asked “when that started,” it is not clear that the victim was
referring to digital penetration when she answered the question. 
            Furthermore, the victim subsequently discussed in detail one occasion that occurred when
she was close to nine years old. The victim testified that her mother took her little sister to Mexico
to be baptized. The victim could not go because she had no visa. One night, appellant told her to
sleep in his room. Appellant touched her breasts, touched her vagina under her clothes with his
fingers, and put her vagina in his mouth and licked it. The expert testimony established that the
female sexual organ is “anything that’s past the labia majora, which is the fatter outer lips that serve
as a barrier.” Consequently, if appellant’s finger went past the labia majora and touched the vagina,
it penetrated the victim’s female sexual organ. 
            After reviewing the entire record, we hold that the evidence is both legally and factually
sufficient to support the jury’s verdict. Appellant’s second and third issues are overruled. 
            In his fourth issue, appellant asserts that the evidence is factually insufficient to sustain a
conviction for the lesser included offense of sexual assault. We need not address this issue. 
TEX.R.APP.P. 47.1. Appellant was not convicted of the lesser included offense of sexual assault;
he was convicted of the greater offense of aggravated sexual assault. As discussed above, the
evidence is sufficient to support appellant’s conviction of the greater offense. The fourth issue is
overruled. 
            In his final issue, appellant contends that he did not receive effective assistance of counsel
at trial because trial counsel failed to object to the admission of the forensic report. In order to
determine whether appellant’s trial counsel rendered ineffective assistance at trial, we must first
determine whether appellant has shown that counsel’s representation fell below an objective standard
of reasonableness and, if so, then determine whether there is a reasonable probability that the result
would have been different but for counsel’s errors. Strickland v. Washington, 466 U.S. 668 (1984);
Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999); Hernandez v. State, 726 S.W.2d 53, 55
(Tex.Cr.App.1986). In order to assess counsel’s performance, we must make every effort to
eliminate the distorting effects of hindsight, to reconstruct the circumstances, and to evaluate the
conduct from counsel’s perspective at the time. We must indulge a strong presumption that
counsel’s conduct fell within the wide range of reasonable professional assistance; and appellant
must overcome the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Stafford v. State, 813 S.W.2d 503, 508-09 (Tex.Cr.App.1991). 
Appellant is not entitled to perfect or error-free counsel. Isolated instances of errors of omission or
commission do not render counsel’s performance ineffective; ineffective assistance of counsel
cannot be established by isolating one portion of trial counsel’s performance for examination. 
McFarland v. State, 845 S.W.2d 824 (Tex.Cr.App.1992), cert. den’d, 508 U.S. 963 (1993). 
            As noted in response to appellant’s first issue, the forensic report was included within the
victim’s medical records that were admitted as State’s Exhibit No. 1. Trial counsel stated that he
had no objection to the introduction of the exhibit. During the sexual assault examination, the victim
was quoted in the “history of assault” portion of the forensic report as stating: 
It began when I was 8½ yo. First penetration at 13 yo. Each time it got worse
and worse. He said he would take me from my mother if I told anyone. He said get
used to it, everybody does it. He would come into my room almost every Sat
morning. Last night was last time he touched me. He didn’t penetrate me this time,
I kicked him away. 
            The record contains an affidavit from the custodian of the hospital’s medical records. The
affidavit brings the medical records in compliance with the business records exception to the hearsay
rule. TEX.R.EVID. 803(6); Castaneda v. State, 28 S.W.3d 685, 693-94 (Tex.App. - Corpus Christi
2000, no pet’n). Furthermore, the statement made by the victim to the nurse examiner was
admissible under TEX.R.EVID. 803(4) as a statement made for purposes of medical diagnosis or
treatment. Castaneda v. State, supra. The failure to object to admissible evidence does not
constitute ineffective assistance. McFarland v .State, supra.
            Furthermore, prior to the admission of the forensic report into evidence, the victim had
testified at trial and was subject to cross-examination by appellant. The victim’s testimony at trial
covered everything in her statement in the forensic report. The victim’s testimony was much more
detailed and damaging than the history given during the sexual assault examination. We also note
that the forensic report contained additional information indicating that there was no trauma to the
female sexual organ; that there was no trauma to the victim’s labia majora, labia minora, hymen,
perineum, or anus; that the victim’s vagina and cervix were not visualized; and that no lab tests were
performed. Such additional information was favorable to appellant’s defense. 
            Based on the circumstances in this case, we cannot find that trial counsel’s representation fell
below an objective standard of reasonableness. See Kan v. State, 4 S.W.3d 38, 45-46 (Tex.App. -
San Antonio 1999, pet’n ref’d). Appellant has not shown that he received ineffective assistance of
counsel. Accordingly, we overrule appellant’s fifth issue. 
            The judgment of the trial court is affirmed. 
 
                                                                                                W. G. ARNOT, III
                                                                                                CHIEF JUSTICE 
 
May 12, 2005 
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.